UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LONNIE HOARD | ) |
| | ) |
| v. | )    NO. 2:04-CV-418 |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY and ROCKWELL | ) |
| AUTOMATION, INC. | ) |

## **MEMORANDUM OPINION**

This is an action for long term disability benefits under the Employee

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., brought

by Lonnie Hoard, a former employee of Rockwell Automation Inc., against the

company [Rockwell] and Metropolitan Life Insurance Company [MetLife]. MetLife

is the administrator of the insurance plan of which Mr. Hoard was a member. The

action is now before this court on cross-motions for a judgment on the basis of the

Administrative Record [AR].

The court notes at the outset that the policy language gives discretionary

authority to MetLife to determine eligibility for benefits and to interpret the terms and

provisions of the policy. [MetLife Insurance Plan 4, hereinafter "Plan"].

Accordingly, the facts of this case will be reviewed on an abuse of discretion

standard. In order to prevail under this standard, Mr. Hoard must prove not only that the company's benefit determination was incorrect but that its decision was arbitrary and capricious.

Under MetLife's long-term disability policy, to receive benefits for total disability, Mr. Hoard had to provide written proof to MetLife that he was totally disabled within one year of the date disability began and provide medical evidence showing that the disability would be permanent. [Plan 6]. According to the Plan, "total disability" is defined as a "complete inability to engage in any occupation or employment for which you are or become qualified by reason of education, training or employment and you are not in fact engaged in any occupation or employment for pay or profit." [Plan 10].

Mr. Hoard's last day of work with Rockwell was December 21, 2001. [AR 62]. On February 26, 2002, Mr. Hoard filed a claim with MetLife for total disability benefits, citing an inability to work because of panic disorder with agoraphobia and a recurrent major depression. [AR 62-64]. Because of a lack of medical documentation supporting Mr. Hoard's claim of a "total inability to perform the functional requirements of any job on a permanent basis," MetLife denied Mr. Hoard's claim in May 2002. [AR 22-23].

In January 2003, Mr. Hoard's claim for disability benefits from the Social

2

Security Administration [SSA] was approved. [AR 21]. Mr. Hoard appealed MetLife's denial of benefits in June 2003. [AR 17-20]. In February 2004, MetLife upheld its original determination to deny benefits to Mr. Hoard, again because the medical record failed to substantiate his claims. [AR 5, 7-9].

For the following reasons, this court agrees with the decision of MetLife that Mr. Hoard did not qualify for benefits under the long-term disability policy. Mr. Hoard advanced two main arguments against MetLife's decision. First, Mr. Hoard claimed MetLife improperly disregarded the opinion of his treating physician. However, in ERISA cases, there is not a "treating physician rule" as in SSA cases. *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 831 (2003). Two nurses and one doctor employed by MetLife considered the medical evidence from Mr. Hoard's treating physician and found it lacking in evidence of disability. Without a treating physician rule, such was their right. Mr. Hoard specifically argued that MetLife disregarded his treating physician's opinion that Mr. Hoard's return to work was "indefinite." [AR 63]. The doctor failed to state that Mr. Hoard could "never" return to work, an option on the form he completed. "Never" indicates the permanency that is required under MetLife's definition of total disability. Indefinite does not.

Second, Mr. Hoard argued that MetLife irrationally disregarded the SSA's determination that he was disabled and should receive benefits. First and foremost,

3

such a determination by the SSA is not binding during a review of claims under ERISA. *Whitaker v. Hartford Life and Accident Ins. Co.*, 121 Fed. Appx, 86, 88 (6th Cir. 2005). In addition, the SSA received information regarding Mr. Hoard's medical conditions that MetLife did not. And, as discussed above, the SSA is bound by the "treating physician rule," in contrast to an ERISA case.

After careful consideration of the entire record of proceedings related to this case, this court finds that MetLife's decision that Mr. Hoard did not qualify for long-term disability benefits was neither incorrect nor arbitrary and capricious. Accordingly, Mr. Hoard's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

THOMAS GRAY HULL
SENIOR UNITED STATES DISTRICT JUDGE

4